FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 FEB -3 PM 3:20
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANTHONY ROSENBAUM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-3274** |
| **CAL DIVE INTERNATIONAL, INC.** | **SECTION "C" (1)** |

**INSTRUCTIONS TO THE JURY**

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

**CORPORATE PARTY INVOLVED**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.



___ Fee___
___ Process___
X Dktd___
✓ CtRmDep___
___ Doc. No___

## BURDEN OF PROOF

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

## EVIDENCE

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence-such as testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## CREDIBILITY

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness

gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

## DEPOSITION TESTIMONY

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

## WITNESS WITH SPECIALIZED KNOWLEDGE

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an witness with specialized knowledge, you may consider any bias of the witness, including any bias you may infer from evidence that the ~~expert~~ witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as a witness with specialized knowledge and his income from such testimony represents a significant portion of his income.

## NOTES

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The

notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

**ANTHONY ROSENBAUM'S RECOVERY**

I instruct you that, regardless of your verdict, Rosenbaum's recovery by way of settlement will not be reduced.

**CAL DIVE'S CLAIM**

Cal Dive claims that Rosenbaum's damages for personal injuries were caused by a defective condition in the Broco BR-22 cutting torch. Broco denies that the torch was defective in any way and that any damage were caused by the negligence of Rosenbaum and Cal Dive. Cal Dive's claim against Broco is brought under the *Restatement (Third) of Torts: Product Liability*.

The *Restatement (Third) of Torts: Product Liability,* provides:

> One engaged in the business of selling or otherwise distributing products who sells or distributes a defective product is subject to liability for harm to persons or property caused by the defect.

A product is in an defective condition unreasonably dangerous to the user when it has a propensity for causing physical harm beyond that which would be contemplated by the ordinary user or consumer, with the ordinary knowledge common to the foreseeable class of users as to its characteristics. A product is not defective or unreasonably dangerous merely because it is possible to be injured while using it.

A defective condition proximately causes an injury if the defect directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it reasonably can be said that, except for the defective condition, the injury complained of would not have occurred.

The manufacturer is not a guarantor that nobody will get hurt in using the article. What the manufacturer is required to do is to make a product that is free from defective and unreasonably dangerous conditions.

Cal Dive alleges that the Broco BR-22contained a manufacturing defect. The

*Restatement (Third) of Torts: Product Liability* provides that a manufacturing defect can cause a product to be defective and provides in relevant part:

> A product is defective when, at the time of sale or distribution, it contains a manufacturing defect ... A product:
> (a) contains a manufacturing defect when the product departs from its intended design even though all possible care was exercised in the preparation and marketing of the product ...

In this matter, Cal Dive is making its claim under Section 3 of the *Restatement (Third) of Torts: Product Liability* and bears the burden of proving each element of that claim by a preponderance of the evidence. Section 3 provides as follows:

> It may be inferred that the harm sustained by plaintiff was caused by a product defect existing at the time of sale or distribution, without proof of a specific defect, when the incident that harmed plaintiff:
>
> (a) was of a kind that ordinarily occurs as a result of product defect; and
>
> (b) was not, in the particular case, solely the result of causes other than product defect existing at the time of sale or distribution.

In order to prevail on this claim, Cal Dive must prove by a preponderance of the evidence each of the following elements:

1. That the accident that harmed the plaintiff Rosenbaum is one that ordinarily occurs as a result of product defect, specifically a manufacturing defect; and

2. That the accident that harmed the plaintiff Rosenbaum was not solely the result of causes other than product defect.

With regard to the first element, I instruct you that the inference of product defect permitted under this section is limited to situations in which a product fails to perform its manifestly intended function. If Cal Dive has proven by a preponderance of the evidence that the product failed to perform its manifestly intended function, you should find in favor of Cal Dive on this element and continue to consider the other elements. If Cal Dive has not proven that the product failed to perform its manifestly intended function, you must find in favor of Broco on Cal Dive's claim.

The inference of defect may be drawn without proof of the specific defect. Furthermore, Cal Dive need not explain specifically what constituent part of the product failed.

With regard to the second element, Cal Dive must establish by a preponderance of the evidence that the incident was not solely the result of causal factors other than defect at the time of sale. The defect need not be the only cause of the accident; if the plaintiff can prove the most likely explanation of the harm involves the causal contribution of a product defect, the fact that there may be other concurrent causes of the harm does not preclude a finding in favor of the Cal Dive on this element. But when the accident can be attributed solely to causes other than original defect, including the conduct of others, an inference of defect in favor of Cal Dive can not be drawn and you must find in favor of Broco on Cal Dive's claim.

Broco specifically contends that the accident solely occurred as a proximate result of the plaintiff's misuse of the product. A manufacturer or seller is entitled to expect a normal use of its product. If Rosenbaum's damages occurred because of his use of the product in a manner in which the product is not intended, then you may allocate fault. You must determine whether Rosenbaum and/or Cal Dive were using the product at the time of the accident in a manner for which the product was intended. Cal Dive has the burden of proving by a preponderance of the evidence that the accident was not solely caused by something other than a product defect. Therefore, Cal Dive has the burden of proving it was not solely cause by Rosenbaum and/or Cal Dive's misuse of the product.

## COMPARATIVE NEGLIGENCE

If you find by a preponderance of the evidence that a manufacturing defect was a proximate cause of the accident, you must then determine whether there were other contributing causes as well. Broco claims that both Rosenbaum and/or Cal Dive were comparatively negligent and that this negligence was a proximate cause of the accident.

Comparative fault is fault on the part of a party that, combining with a defect in a product, contributes as a proximate cause in bringing about the Rosenbaum's damages.

## BROCO'S COMPARATIVE NEGLIGENCE DEFENSE: ROSENBAUM

Rosenbaum is a seaman under a statute called the Jones Act, which obligates him to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer, Cal Dive, to provide a safe work environment, but also his own experience, training and education. In other words, under the Jones Act a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

Broco claims that Rosenbaum violated that duty to exercise care for his own safety by failing to read the manual and ensure that the collet nut was properly tightened. Broco bears the

proving by a preponderance of the evidence that Rosenbaum was negligent in this regard and that this negligence was a proximate cause of his damages .

## BROCO'S COMPARATIVE NEGLIGENCE DEFENSE: CAL DIVE

Broco also claims that Cal Dive was comparatively negligent in failing to properly train and supervise its employees, including Rosenbaum, and that this negligence caused Rosenbaum's damages. Again, Broco has the burden of proving that Cal Dive was negligent and that this negligence was a proximate cause of Rosenbaum's damages by a preponderance of the evidence.

As Rosenbaum's employer under the Jones Act, Cal Dive owes certain duties to Rosenbaum. Under the Jones Act, if Cal Dive's negligent act caused the plaintiff's damages in whole or in part, then you must find that the employer is liable. Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Cal Dive has a duty to provide their employees such as Rosenbaum with a reasonably safe place to work. If you find that the plaintiff was injured because Cal Dive failed to furnish him with a reasonably safe place to work, and that the plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that the defendant was negligent.

You must determine if the operation in question was reasonably safe under the circumstances, The fact that a certain practice has been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long accepted practice may be an unsafe practice. However, a practice is not necessarily unsafe or unreasonable merely because it injures someone.

A seaman's employer is legally responsible for the negligence of one of its employees while that employee is acting with in the course and scope of his job.

If you find from a preponderance of the evidence that Cal Dive assigned Rosenbaum to perform a task that the Rosenbaum was not adequately trained to perform, you must find that the Cal Dive was negligent.

## FAULT ALLOCATION

If you find in favor of Cal Dive on its Section 3 claim, but you also find that the accident was due partly to the comparative fault of Rosenbaum and/or Cal Dive, you will be required to determine the percentage of fault that contributed to the accident on behalf of each party. You will provide this information by filling in the appropriate blanks in the special interrogatories. Again, Rosenbaum's recovery will not be reduced by these percentages.

## DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges-judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.